UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UMB BANK, N.A., not in its individual capacity,   Case No. 1:25-CV-02511-KPF
but solely as Security Trustee,

                                                 ECF CASE

                          Plaintiff,

      -against-

JETONEX LLC, VQBWL LIMITED, VQBWM
LIMITED, VQBZV LIMITED,
JOX 28551 LLC, VQBWS LIMITED, and
VQBWT LIMITED,

                       Defendants.
-------------------------------------------------------X

## PROTECTIVE ORDER

       The Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order -- including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms.

    I. Discovery Materials May Be Designated as Confidential

        a. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

        b. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause

the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

c. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

d. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

II. Who May Receive Confidential Materials

a. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to: (a) the parties to this action; (b) opt-in plaintiffs to this action; (c) counsel retained specifically for this action, including any paralegal, clerical or other staff employed by such counsel; (d) as to any document, its author, its addressee, the person(s) shown on the face of the document as having received a copy, and the party to whom the document relates; (e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; (f) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; (g) stenographers and video technicians engaged to transcribe or record depositions conducted in this action; (h) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system; (i) the Court and its staff; and (j) any other person whom the producing person, or other person

designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

b. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(e) or 5(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

III. Filing Confidential Materials in this Action

a. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the designating party shall file a letter motion seeking to uphold the designation. All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

b. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The party who wishes to file such "Confidential" material shall provide the designating party with at five business days' notice, allowing the designating party sufficient time to either (i) waive the designation or (ii) file a letter motion for leave to file the designated material under seal or in redacted form. The parties shall follow Judge Failla's Individual Practices with respect to pre-trial requests for filing under seal.

c. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

IV. Inadvertent Disclosure of Privileged Materials

a. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure,

3

       in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

    b. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

    c. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information

    d. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

V. Termination of the Litigation

    a. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall, if the producing party so requests, be destroyed, except that counsel for each party may maintain its files, in continuing compliance with the terms of this Order, all work product, and one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition.

    b. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| | |
|---|---|
| Dated: August 8, 2025<br>New York, New York | Dated: August 8, 2025<br>Uniondale, New York |
| VEDDER PRICE P.C. | WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN LLP |
| By: s/ Daniel C. Green<br>   Daniel C. Green, Esq.<br>   Elvira Razzano, Esq.<br>   1633 Broadway, 31st Floor<br>   New York, New York  10019<br>   Phone:  (212) 407-7700<br><br>   William W. Thorsness<br>      (admitted *pro hac vice*)<br>   222 North LaSalle Street, Suite 2600<br>   Chicago, Illinois 60601<br>   Phone:  (312) 609-7500<br><br>*Attorneys for Plaintiff UMB BANK, N.A., not in its individual capacity, but solely as Security Trustee* | By: s/ Adam K. Grant<br>   Jeffrey A. Miller, Esq.<br>   Adam K. Grant, Esq.<br>   1201 RXR Plaza<br>   Uniondale, NY 11556<br>   Phone:  (516) 622-9200<br><br><br><br><br><br><br><br>*Attorneys for Defendants JETONEX LLC, VQBWL LIMITED, VQBWM LIMITED, VQBZV LIMITED, JOX 28551 LLC, VQBWS LIMITED and VQBWT LIMITED* |

This protective order does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:     August 11, 2025         SO ORDERED.
           New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE